# CIRCUIT COURT OF FAIRFAX COUNTY

Comer et al.

    v.

Robert Goudie
and Lori Goudie

              Case No. CL 2008-9110

Shumway et al.

    v.

Robert Goudie
and Lori Goudie

              Case No. CL 2008-9109

Venetianer et al.

    v.

Robert Goudie
and Lori Goudie

              Case No. CL 2008-9108

              December 11, 2008

BY JUDGE JONATHAN C. THACHER

    This matter came before the Court on Plaintiffs' Motion to Overrule Defendants' Plea in Bar. After considering the pleadings, the oral and written arguments of counsel, and the relevant legal authority, the Court denies the motion.

## Background

The Comers, the Shumways, and the Venetianers (Plaintiffs) are homeowners, who, for the purposes of the issues raised by this motion, entered identical contracts for home improvements or construction with a now defunct corporate entity known as Timberline Design and Build, Inc. (Timberline). Defendants Robert and Lori Goudie are a husband and wife, who served as the officers, directors, and employees of the now defunct corporation. At all times relevant, Defendants were in sole control of Timberline.

Between October 2006 and August 2007, Plaintiffs entered into separate contracts with Timberline for various home construction or improvement services. Defendant Robert Goudie signed the contracts on behalf of Timberline in his capacity as an officer of the Corporation. In each case, the contract contains a clause stating:

> Any controversy or claim arising out of, or relating to this contract, or the breach thereof, shall be settled by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.

In each case, Timberline began work on the homes, received substantial payments for the work, and eventually stopped work and abandoned the incomplete projects. In late 2007 or early 2008, each Plaintiff became aware of mechanic's liens filed on their homes by Timberline's unpaid subcontractors. At the same time the Defendants were causing Timberline to default on its obligations to subcontractors and abandoning the work on Plaintiffs' houses, they were diverting large sums of money from the corporate treasury to pay for their own personal expenses and to fund the construction of their own mansion in Annapolis, Maryland.

On January 29, 2008, Timberline filed for bankruptcy. These actions followed. The complaints seek relief on grounds of Piercing the Corporate Veil (Counts I and II), Unjust Enrichment (Count III), Violation of the Virginia Consumer Protection Act (Count IV), Fraud (Count V), Defalcation (Count VI), and Constructive Trust (Count VII). The pleas in bar assert that the actions are barred by the arbitration clause of the contract.

Plaintiffs argue that the arbitration clause cannot bar the action because the Goudies were not parties to the contract and so can have acquired no rights under it. Defendants argue that Plaintiffs were parties to the contract, agreed to

submit all claims "arising out of or relating to" the contract to arbitration, and cannot escape that obligation merely by naming a different party in the suit. Plaintiffs argue that there is no contract between the parties, and they "are not seeking to enforce rights under the contract." Instead they seek to recover for harms that "emanate from the wrongful actions of the defendants, individually." Plaintiffs' Memorandum in Support of Motion to Overrule Plea in Bar at 4.

## Analysis

### The Claims "Relate to" the Contract

An arbitration clause that governs any claim "arising out of or relating to" a contract covers "contract-generated or contract-related disputes between the parties however labeled." *See, McMullin v. Union Land & Management Co.*, 242 Va. 337, 341, 410 S.E.2d 636 (1991). A claim relates to a contract if the litigants must refer to contractual provisions to resolve their dispute. *See, id.* Absent Timberline's contract with Plaintiffs, Plaintiffs have not pleaded facts to establish the existence of any duty owed them by Defendants. Accordingly, the dispute relates to the contract. The question, then, is whether a non-signatory to a contract may bind a signatory to arbitration under the terms of the contract.

### A Non-Signatory to an Arbitration Agreement May Compel a Signatory to Arbitrate

To this Court's knowledge, the Supreme Court of Virginia has never clearly decided the question. In *American Bankers Ins. Group v. Long*, 453 F.3d 623 (4th Cir. 2006), the Fourth Circuit Court of Appeals has recently considered the question and this Court is persuaded by their analysis. In *American Bankers*, Plaintiff Long brought an action against the Defendant alleging (1) interference with contract, (2) securities fraud, (3) negligence, (4) equitable subordination, (5) civil conspiracy, (6) unjust enrichment, (7) respondeat superior, (8) rescission, (9) participation and alter ego, (10) violation of the South Carolina Unfair Trade Practices Act (SCUTPA), and (11) aiding and abetting. *Id. at* 625.

There, as here, although the plaintiff was a signatory to the contractual instruments, defendant was not. There, as here, defendant sought to compel arbitration, and the question for the court was whether a non-signatory could compel a signatory to arbitrate a dispute arising out of a related contract. The

Court held that the non-signatory was equitably estopped from denying the contract and that arbitration was appropriate. Their analysis rests on the inequity inherent in allowing a party to advance claims based on obligations owed them by virtue of a contract, while effectively avoiding their own contractual obligations under the same contract.

Here Plaintiffs seek to recover damages related to the contractual obligations of Defendants' defunct corporation. Absent the contract, neither Defendants nor Timberline would have any obligation to perform work on Plaintiffs' homes. Absent the contractual relationship, it is extraordinarily difficult to see how Defendants would owe Plaintiffs any duty to properly manage Timberline or to pay their subcontractors. The dispute plainly is related to the contract. Despite the truly reprehensible nature of Defendants' alleged conduct, the Court finds that it would be inequitable to permit Plaintiffs to rely on the contract to claim their rights, while avoiding those inconvenient terms of the contract that impose upon them certain obligations. The Motion to Overrule the Plea in Bar is denied.